RECEIVED
IN LAKE CHARLES, LA

JUL 28 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSHUA G. STANLEY | : | DOCKET NO. 05-541 |
| VS. | : | JUDGE TRIMBLE |
| BAYER, A.G., ET AL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is "Defendant Bayer Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" [doc. #7], wherein mover seeks to have this Court dismiss the following claims: strict products liability, common law negligence, breach of implied warranty, misrepresentation, and failure to perform adequate testing. Bayer Corporation maintains that these claims are not permitted by the Louisiana Products Liability Act ("LPLA")[1]. Bayer Corporation also seeks to have this Court dismiss Plaintiff's claim for attorney fees because it is also precluded by the LPLA. Finally, Bayer seeks to have Defendant, Bayer Pharmaceutical Division – North America dismissed because it is not a separate legal entity capable of being sued.

## FACTUAL STATEMENT

Plaintiff, Joshua G. Stanley, alleges that he took Naproxin and Aleve continuously for several months prior to August 28, 2004. Stanley further alleges that because of his continuous ingestion of these drugs, he suffered a heart attack in late August of 2004. Thus, he maintains that Defendants are liable for his injuries, damages and medical expenses.

## LAW AND ANALYSIS

---

[1] La. R.S. § 9:2800.51, *et seq.*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of pleadings that fail to state a claim upon which relief can be granted. Dismissal is appropriate where "'the pleadings on their face reveal beyond doubt that the plaintiff[] can prove no set of facts that would entitle [him] to relief,' or if 'an affirmative defense or other bar to relief appears on the face of the complaint.'"[2]

*Claims of strict products liability, common law negligence, breach of implied warranty, misrepresentation, and failure to perform adequate testing*

The LPLA "establishes the exclusive theories of liability for manufacturers from damage caused by their products."[3] Stanley concedes that the claims of strict products liability, common law negligence, breach of implied warranty, misrepresentation, and failure to perform adequate testing are not permitted by the LPLA and should be dismissed.[4] Hence, these claims will be dismissed.

*Redhibition Claim*

In his opposition brief, Stanley asserts that his redhibition claim should survive. The motion to dismiss did not address this cause of action. In its reply memorandum, Bayer contends that redhibition is not a cause of action that has been alleged in the complaint. The Court has reviewed the original, first and second amended complaints and concludes that a claim for redhibition has not been alleged. The court notes that the complaint does not mention a claim of redhibition or the elements thereof, nor does the prayer seek a return of the purchase price.[5] However, the Court will

---

[2] *Borskey v. Medtronics, Inc.*, No.94-3402, 1998 WL 122602, at *3 (E.D. La. March 18, 1998)(dismissing numerous claims as outside the scope of LPLA (quoting *Garrett v. Commonwealth Mortg. Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991)).

[3] La. R.S. § 9:2800.51, *et seq.*

[4] Memorandum in opposition to Defendant Bayer Corporation's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), p. 2.

[5] See La. Civ. Code art. 2530, *et seq.*

not dismiss a cause of action that has not been alleged.

*Attorney Fees*

Stanley has requested attorney fees in his prayer for relief. Attorney fees are not recoverable under the LPLA.[6] Accordingly, Stanley's prayer for attorney fees will be dismissed.

*Bayer Pharmaceutical Division – North America*

Stanley names Bayer Pharmaceutical Division – North America ("Bayer Division") as a defendant. Bayer Corporation argues that this defendant must be dismissed because it is not a separate legal entity capable of being sued. Bayer Division is not a corporation, but is merely a division of Bayer Corporation. A division of a corporation is not a proper defendant capable of being sued.[7] Because Bayer Division is not a separate legal entity capable of being sued, it will be dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss [doc. #7] will be GRANTED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of July, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] See La. R.S. 9:2800.53(5).

[7] *State v. Banking Dept. of Citizens Bank*, 36 So. 91 (La. 1904); *Menard v. Associated Royal Crown Bottling Co., et al*, 249 F.2d 363 (La.App. 4 Cir. 1971); *Cliff Food Store, Inc., v. Kroger, Inc., et al.*, 417 F.2d 203 (5th Cir. 1969). See also La. R.S. 12:41; La. Code Civ. P. art. 739.